UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARRIE BECKER,

           Plaintiff,

  -against-

CORRECTIONAL MEDICAL CARE, INC. AND THE
COUNTY OF RENSSELAER, NEW YORK AND
JASON DESSINGUE, AS AIDER AND ABETTOR,

           Defendants.

COMPLAINT AND
JURY DEMAND

Civil Action No.: 1:16-CV-83 (BKS/CFH)

---

Plaintiff, Carrie Becker, by and through her attorneys, Lombardi, Walsh, Davenport and Amodeo, P.C., respectfully alleges as follows:

## I. NATURE OF CLAIM

1. Plaintiff brings this action against defendants, Correctional Medical Care, Inc., The County of Rensselaer and Jason Dessingue, as aider and abettor, seeking compensatory damages, and punitive damages, including attorneys' fees, as a result of defendants' pattern and/or practice of discrimination, sexual harassment, and retaliation against plaintiff, and the hostile work environment created by these acts, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., ("Title VII"), N.Y. Executive Law § 290 et seq., commonly known as the New York State Human Rights Law ("NYSHRL"), and 42 U.S.C. § 1983.

## II.   JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the Title VII and 42 U.S.C. § 1983 claims in this action pursuant to 28 U.S.C. § 1331 because these claims arise under the laws of the United States.

3. This Court has subject matter jurisdiction over the NYSHRL claims under 28 U.S.C. § 1367 because the NYSHRL claims arise from the same nucleus of operative facts as the federal Title VII and § 1983 claims and are related to the federal claims because they arise from the same case or controversy under Article III of the United States Constitution.

4. Venue in this Court is proper under 28 U.S.C. § 1391(b) and (c) and 42 U.S.C. § 2000e-5(f)(3) because the defendants reside within the jurisdiction of the Northern District of New York, because the unlawful employment practices alleged herein were committed in the Northern District of New York, more specifically Rensselaer County, and because defendants have offices, conduct business, and/or are domiciled in the District.

## III.   PARTIES

5. Plaintiff, Carrie Becker, is a resident and citizen of the State of New York, and resides in Albany County, New York.

6. Upon information and belief, defendant, County of Rensselaer, is a municipal corporation incorporated under the laws of the State of New York.

7. Upon information and belief, defendant, Correctional Medical Care, Inc. is a foreign corporation authorized to do business and doing business in the State of New York.

8. Upon information and belief, the defendant, Jason Dessingue, is employed by The County of Rensselaer and resides in the County of Rensselaer.

## IV. PRIOR PROCEEDINGS

9. On or about November 6, 2014, plaintiff served a Notice of Claim on the County (the "Notice of Claim") alleging violations of the NYSHRL and Title VII and 42 U.S.C. § 1983.

10. On or about February 4, 2015, plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") (Charge No. 525-2015-00313) alleging unlawful discrimination based on sex and retaliation by the defendants.

11. On November 19, 2015, plaintiff received a Notice of Right to Sue dated November 16, issued by the U.S. Equal Employment Opportunity Commission. A true and correct copy of the Notice of Right to Sue is annexed hereto as Exhibit "A". Plaintiff files this action within ninety (90) days of receipt of the Notice of Right to Sue, and within one year and 90 days of the acts giving rise to this claim.

12. Plaintiff has satisfied all private, administrative and judicial requirements prior to the institution of this action and has exhausted her administrative remedies.

## V. FACTS

13. The Respondent, Correctional Medical Care, Inc., is a for-profit business incorporated in the State of Pennsylvania that contracts with the Respondent, the County of Rensselaer, to provide health services in the County Jail.

14. The Respondent, The County of Rensselaer is a municipal corporation which operates the Rensselaer County jail facility.

15. The Claimant, Carrie Becker was jointly employed by the Respondents as an L.P.N. at the Rensselaer County jail facility, as both have control over her terms and conditions of employment.

16. The Claimant, Carrie Becker, had been jointly employed by the Respondents from April 15, 2013 up to her unlawful termination on September 10, 2014.

17. That consistently throughout the course of her employment, until the date of her retaliatory discharge on September 10, 2014, she was a victim of sexual harassment and a victim of a hostile work environment.

18. More particularly, she was subjected to harassment based upon sex, by co-workers, correction officers, including Jason Dessingue, and supervisors, that included but were not limited to:

    A.    Comments to her and other female nurses that they were "whores", "c-m (semen) dumpsters", "strippers", and that they would like to "Face F– k you", "I'll be nice to you when your mouth is full of my c–k and you are looking up to me", and "I want to c-m on you".

    B.    She was exposed to actions by correction officers and supervisors who engaged in simulated sex acts, and sexual banter and innuendos about performing sex acts on each other, and to her.

    C.    She observed co-workers and supervisors soliciting sex from the female employees, and engaged in improper touching and simulated sex acts on other female employees, and the plaintiff.

    D.    She endured constant discussions about the sex lives and sexual conduct of her co-workers.

19.    These unwelcomed sexual comments, ridicule, insults and innuendo of a sexual nature occurred daily and constantly throughout the workday within the workplace, and created a hostile environment as it caused her workplace to be permeated with discriminatory intimidation, ridicule and insult that was so severe and pervasive as to alter the terms and conditions of her employment.

20.    That the plaintiff made complaints to management about these comments, ridicule, insults and innuendo, and the Respondents failed to exercise reasonable care to promptly correct and prevent such actions and behavior.

21.    Specifically, the plaintiff complained to Heather Holiday, a supervisor at Correctional Medical Care (hereinafter referred to as "CMC") and Michelle O'Brien of CMC

concerning the severe and pervasive conduct on numerous times, up to the time of her termination.

22.     She also complained to Rensselaer County Jail superiors, Sgt. Higgot and Lt. Beaudry on several occasions, up to the time of her termination.

23.     No action was taken by either CMC or the County to remedy the sexual and explicit conduct the plaintiff was subjected to.

24.     That as a result of these unwelcomed comments, ridicule, insults and innuendo of a sexual nature and the hostile environment it created, and her complaints about them, and the failure of the defendant's to exercise reasonable care to promptly correct and prevent such actions and behavior on or about September 10, 2014, she was terminated from her position, in retaliation for her complaints of the improper behavior.

25.     It is respectfully submitted that the above stated conduct constitutes sexual harassment in violation of Title 7 of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et. seq., as amended, Article 10 of the New York State Executive Law § 296, et. seq., and retaliation for exercising her rights under both State and Federal law.

26.     That said unwelcomed comments, ridicule, insults and innuendo of a sexual nature and the hostile employment environment it caused was extremely detrimental to Claimant's emotional and physical health, interfered with Claimant's work performance, and caused her acute emotional distress, pain and suffering.

27.     That as a result of unwelcomed comments, ridicule, insults and innuendo of a sexual stereotypical nature, the hostile environment has caused substantial damage to the Claimant, including the loss and/or diminishment of earnings, benefits, medical care coverage, physical, mental and emotional injury, loss of self-esteem, pain and suffering,

standing in her profession, and other damages, both personal and monetary.

## AS AND FOR A FIRST CAUSE OF ACTION ALLEGING SEXUAL HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

28. The Plaintiff repeats and re-alleges the allegations contained in paragraphs "1" through "27" above as though the same were set forth in full herein.

29. Plaintiff was, at all times relevant herein, a joint employee of defendant within the meaning of Title VII of the Civil Rights Act (42 U.S.C. § 2000e et seq.).

30. At all times relevant herein, the defendants were plaintiff's joint employer within the meaning of Title VII of the Civil Rights Act (42 U.S.C. § 2000e et seq.).

31. Through the aforementioned acts, the defendants subjected plaintiff to a constant stream of hostile work environment, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.).

32. The defendants actions were continuous, extreme, outrageous, and well outside of the bounds of human decency.

33. The defendants condoned, permitted and/or otherwise ratified this conduct when it failed to take action to stop the harassment and/or otherwise failed to protect plaintiff from the hostile work environment through its policies, practices and/or procedures.

34. The aforementioned acts constituted an ongoing discriminatory policy or practice of the defendants and/or were permitted to continue unremedied for so long as to amount to a discriminatory policy or practice of the defendants.

35. As a result of the aforementioned acts and omissions, defendants violated the plaintiff's right to be free from a hostile work environment, pursuant to Title VII of the

Civil Rights Act, 42 U.S.C. § 2000e et seq.).

36. As a direct and proximate result of defendants' conduct, plaintiff sustained economic injury in the form of loss of wages, loss of benefits, irreparable damage to her reputation, severe emotional distress, physical and mental health problems and legal expenses to date, which all have caused permanent economic injury.

## AS AND FOR A SECOND CAUSE OF ACTION ALLEGING RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

37. The Plaintiff repeats and re-alleges the allegations contained in paragraphs "1" through "36" above as though the same were set forth in full herein.

38. Through the aforementioned acts and omissions, including her termination from employment, the defendants retaliated against plaintiff for complaining about the hostile work environment created by defendants and her co-workers.

39. As a result of the aforementioned acts and omissions, defendants unlawfully retaliated against plaintiff in violation of Title VII of the Civil Rights Act.

40. As a direct and proximate result of defendants' conduct, plaintiff sustained economic injury in the form of loss of wages, loss of benefits, irreparable damage to her reputation, severe emotional distress, physical and mental health problems and legal expenses to date, which all have caused permanent economic injury.

## AS AND FOR A THIRD CAUSE OF ACTION ALLEGING SEXUAL HARASSMENT IN VIOLATION OF N.Y. EXECUTIVE LAW § 290 ET SEQ.

41. The Plaintiff repeats and re-alleges the allegations contained in paragraphs

"1" through "40" above as though the same were set forth in full herein.

42. Plaintiff was, at all times relevant herein, a joint employee of defendants within the meaning of the New York State Human Rights Law (N.Y. Exec. Law § 290 et seq.).

43. At all times relevant herein, the defendants are covered employers pursuant to the NYSHRL.

44. Through the aforementioned acts and omissions, the defendants subjected plaintiff to a hostile work environment, in violation of the NYSHRL.

45. As a result of the aforementioned acts and omissions, defendants violated the plaintiff's right to be free from unwelcome sexual harassment under the NYSHRL.

46. As a result of the aforementioned acts and omissions, defendants violated the plaintiff's right to be free from a hostile work environment, pursuant to the NYSHRL.

47. As a direct and proximate result of defendants' conduct, plaintiff sustained economic injury in the form of loss of wages, loss of benefits, irreparable damage to her reputation, severe emotional distress, physical and mental health problems and legal expenses to date, which all have caused permanent economic injury.

## AS AND FOR A FOURTH CAUSE OF ACTION ALLEGING RETALIATION IN VIOLATION OF N.Y. EXECUTIVE LAW § 290 ET SEQ.

48. The Plaintiff repeats and re-alleges the allegations contained in paragraphs "1" through "47" above as though the same were set forth in full herein.

49. As a result of the aforementioned acts and omissions of the defendants, defendants unlawfully retaliated against plaintiff in violation of NYSHRL.

50. Upon information and belief, defendants' retaliation against plaintiff was negligent and in violation of federal and state law.

51. As a direct and proximate result of defendants' conduct, plaintiff sustained economic injury in the form of loss of wages, loss of benefits, irreparable damage to her reputation, severe emotional distress, physical and mental health problems and legal expenses to date, which all have caused permanent economic injury.

## AS AND FOR A FIFTH CAUSE OF ACTION ALLEGING 42 U.S.C. § 1983

52. The Plaintiff repeats and re-alleges the allegations contained in paragraphs "1" through "51" above as though the same were set forth in full herein.

53. Plaintiff has a constitutionally protected property and liberty interest in her continued employment with the County free of unconstitutional harassment and/or retaliation.

54. The County Defendant was at all times state actors, and acted under the color of law, when committing the aforementioned acts of harassment and retaliation.

55. That Sgt. Higgot and Lt. Beaudry were County employees, and plaintiff's supervisors and each were personally involved in the actions, decisions, treatment, mistreatment, harassment and/or retaliation of the plaintiff as set forth herein.

56. Defendant violated plaintiff's constitutional rights by allowing and engaging in a course of conduct intended to injure the plaintiff and which was unjustified by any legitimate governmental interest.

57. Defendant County was aware of the unconstitutional conduct of Higgot and Beaudry, but took no steps to intervene and/or prevent the ongoing constitutional violations and/or acted with deliberate indifference towards the ongoing constitutional violations and/or condoned or ratified the constitutional violations.

58. Defendant County is liable for the conduct of Higgot and Beaudry because they were policy-making officials of the County and/or defendant County ratified or condoned the repeated conduct of each and/or defendant County acted with deliberate indifference to the repeated conduct of Higgot and Beaudry.

59. As a direct and proximate result of defendants' unconstitutional conduct, plaintiff was subjected to a deprivation of rights, privileges and/or immunities secured by the Constitution, federal law, and the laws of New York State, and has been damaged thereby, in violation of 42 U.S.C. § 1983.

60. As a direct and proximate result of defendants' conduct, plaintiff sustained economic injury in the form of loss of wages, loss of benefits, irreparable damage to her reputation, severe emotional distress, physical and mental health problems and legal expenses to date, which all have caused permanent economic injury.

## VI.   JURY DEMAND

61. The plaintiff demands a trial by jury on all the claims and causes of action set forth herein.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment:

A. Declaring that defendants' actions and practices violated Title VII of the Civil Rights Act and the NYSHRL;

B. Awarding damages for lost wages, lost benefits, reimbursement for any and all lost benefits, and reimbursement for any and all past and future medical expenses for injuries (mental or otherwise) caused or exacerbated by defendants, together with applicable interest thereon from the time of the initial loss until satisfaction of judgment, as well as post-judgment interest thereon;

C. Directing defendants to pay plaintiff compensatory damages for her emotional distress caused by defendants' unlawful employment practices;

D. Directing defendants to pay plaintiff punitive damages sufficient to punish defendants' unlawful employment practices and deter continuation of defendant's unlawful employment practices;

E. Assessing civil fines and penalties pursuant to the New York State Human Rights Law § 297;

F. Awarding plaintiff reasonable attorneys' fees, expert fees and all other costs and disbursements associated with this action; and

G. Granting such other relief as this Court deems just and proper.

Dated:   Albany, New York
         January 22, 2016

Respectfully Submitted,

**LOMBARDI, WALSH, DAVENPORT AND AMODEO, P.C.**

_/s/ Paul E. Davenport_

**PAUL E. DAVENPORT., ESQ.**
Bar Roll No. 103898
Attorneys for Plaintiff
187 Wolf Road, Suite 211
Albany, New York 12205
Tel. No.: (518) 438-2000

EEOC Form 161 (11/09)        **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Carrie Becker<br>118 George Street<br>Troy, NY 12183 | From: Buffalo Local Office<br>6 Fountain Plaza<br>Suite 350<br>Buffalo, NY 14202 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 525-2015-00313 | Charlene Mc Kinnon,<br>Investigator | (716) 551-4447 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)        *[signature]*        **NOV 16 2015**
                     John E. Thompson,        *(Date Mailed)*
                     Local Office Director

cc:
                                        Paul E. Davenport
                                        LOMBARDI, WALSH, DAVENPORT & AMODEO, P.C.
CORRECTIONAL MEDICAL CARE INC.          187 Wolf Road, Suite 211
920 Harvest Drive, Suite 120            Albany, NY 12205
Blue Bell, PA 19422

Enclosures(s)

cc:  Erin Torcello
     BOND SCHOENECK & KING
     Key Center
     40 Fountain Plaza, Suite 600
     Buffalo, NY 14202